IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| JEREMY JAMES WIMBERLY | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:16cv204 |
| UNITED STATES OF AMERICA | § | |

ORDER OF DISMISSAL

Movant Jeremy James Wimberly, a federal prisoner, filed this motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

Factual Background and Prior Proceedings

On October 23, 2013, officers with the Orange County Sheriff's Department attempted to stop a vehicle for traffic violations. The vehicle was being driven by movant and he had a female passenger in the car, Jessica Smith. Movant did not stop for the officers and, instead, eluded the officers at high speeds for more than twenty miles. During the chase, the pursuing officers observed a gun and drugs being thrown from the vehicle. Both the gun and drugs were later recovered. At the end of the chase, movant abandoned his car and fled on foot into the woods. Movant was apprehended a short distance from the car. Movant was found with money which had been supplied by the Orange County Sheriff's Department and was used by a confidential informant, Anthony Elyas, to purchase drugs from movant.

On October 25, 2013, a criminal complaint was filed in the Eastern District of Texas, charging movant with possession with intent to distribute methamphetamine and felon in possession of a firearm. On November 6, 2013, a Grand Jury for the Eastern District of Texas returned a two count indictment against movant, charging him with possession with intent to distribute 500 grams or more of methamphetamine and felon in possession of a firearm. On March 5, 2014, a first superseding indictment was returned charging movant with possession with intent to distribute 500 grams or more of methamphetamine "actual" possession, brandishing a firearm in relation to a drug trafficking offense, and felon in possession of a firearm. On May 14, 2014, a second superseding

indictment was returned which included the same charges against movant but added movant and co-defendant Christopher Michael Kelly in a fourth count, charging them both with conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and 50 grams or more of "actual" methamphetamine, in violation of 21 U.S.C. § 846. On July 2, 2014, a third superseding indictment was returned with the same charges against both defendants listed in the second superseding indictment but changed the language in Count Two, the 924(c) charge, from "knowingly possess and brandish a firearm" to "knowing use and carry and brandish a firearm."

Movant's co-defendant Kelly pleaded guilty to the charges against him and agreed to cooperate with the government during movant's trial.

The government filed a Notice and Information of Prior Convictions for the purpose of Increased Punishment pursuant to 21 U.S.C. § 851. Movant elected to plead not guilty to the charges and proceed to trial. On September 5, 2014, following a four day trial, the jury returned their verdict finding movant guilty on all four counts against him in the third superseding indictment.

On February 17, 2015, movant was sentenced on Counts One and Four to the statutory mandatory life imprisonment with 10 years supervised release to follow and 120 months' imprisonment with three years supervised release to follow as to Count Three, to run concurrent to Counts One and Four. Also, the court imposed a term of 84 months' imprisonment with five years supervised release to follow as to Count Two, to run consecutively to Counts One, Three and Four.

Movant filed a notice of appeal on February 17, 2015. However, movant later moved to dismiss the appeal. Movant's appeal was dismissed on July 10, 2015. Movant filed this motion to vacate, set aside or correct sentence on June 5, 2016.

## The Motion to Vacate

In his first three grounds for review, movant claims he was denied the effective assistance of counsel when counsel failed to move to suppress the testimony of the following witnesses: Anthony Elyas (Ground 1), Jessica Smith (Ground 2), and Sergeant T. Sorge (Ground 3). In his next two grounds, movant claims counsel provided ineffective assistance when counsel failed to suppress

the following evidence: the Ruger 9mm pistol (Ground 4) and 564 grams of methamphetamine (Ground 5). In his next three grounds, movant claims counsel provided ineffective assistance when counsel failed to present the following exculpatory evidence: the police dash-cam video of the pursuit and failed to present the court reporter and his prior defense counsel as defense witnesses regarding impeachment of Jessica Smith (Ground 6), the Orange County dispatcher records of the pursuit and failed to call the dispatcher as a witness to impeach Sergeant Sorge's testimony (Ground 7), and Jessica Smith's written statement and video-taped interview conducted by Lt. Strause following her arrest (Ground 8). Next, movant claims counsel provided ineffective assistance when counsel failed to do the following: perfect a motion to compel the name of the person movant claims left fingerprints (Ground 9); perfect a motion to suppress a photograph of him taken from Facebook (Ground 10); and failed to move to file a motion to dismiss on grounds of the prosecution's use of fabricated evidence and misleading evidence to the Grand Jury (Ground 11). Next, movant claims counsel provided ineffective assistance by failing to investigate the background of his co-defendant Christopher Kelly (Ground 12) and witness Jimmy Samual (Ground 20) and failing to move to suppress certain testimony of each. Movant also claims counsel was ineffective for failing to communicate plea offers (Ground 13) and his erroneous advice caused movant to reject a plea offer (Ground 14). Movant next claims counsel was ineffective for failing to file a Motion for Preliminary Hearing or a Bill of Particulars (Ground 15). Movant claims he was denied due process when the government failed to provide the defense with pretrial discovery within fourteen days of being formally charged (Ground 16) and failed to disclose evidence favorable to the defense (Ground 17). Movant also contends his conviction under 18 U.S.C. § 924(c) and his enhancement for "Agg Flight" are improper in light of the recent Supreme Court decision in *Johnson v. United States*, _ U.S. _, 135 S. Ct. 2551 (2015) (Ground 18). Finally, movant claims he was denied the effective assistance of counsel when counsel failed to investigate and challenge the following: the probable cause used to gain the warrant for the pin-hole video recording of September 17, 2013; the probable cause used

3

to gain the audio recording of September 16, 2013; the probable cause of the traffic stop in April, 2013; and the warrant used for the button-hole video recording of October 23, 2013 (Ground 19).[1]

## The Response

The respondent was ordered to show cause why the relief sought should not be granted. In response, the respondent contends movant's grounds for review are without merit. Accordingly, the respondent requests the court deny the motion to vacate in its entirety.

## Standard of Review

A federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on four separate grounds: The sentence was imposed in violation of the constitution or laws of the United States; the court was without jurisdiction to impose the sentence; the sentence exceeds the statutory maximum sentence; and the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), cert. denied, 112 S.Ct. 2319 (1992).

"Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992)). "After conviction and exhaustion or waiver of any right to appeal, 'we are entitled to presume that [the defendant] stands fairly and finally convicted.'" *United States v. Shaid*, 937 F.2d 228, 231-232 (5th Cir. 1991), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992) (en banc decision) (quoting *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). "Thus, on collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *Samuels*, 59 F.3d at 528 (quoting *Shaid*, 937 F.2d at 232). Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*,

---

[1] Movant's Grounds 19 and 20 were added in an amended motion to vacate filed July 25, 2016.

955 F.2d 367, 368 (5th Cir. 1992). Nonconstitutional claims that could have been raised on direct appeal may not be asserted in a 28 U.S.C. § 2255 proceeding. *Id.*

Analysis

*I.     Ineffective Assistance of Counsel*

Movant filed this motion to vacate asserting a variety of claims of ineffective assistance of counsel. In his first three grounds for review, movant claims he was denied the effective assistance of counsel when counsel failed to move to suppress the testimony of the following witnesses: Anthony Elyas (Ground 1), Jessica Smith (Ground 2), and Sergeant T. Sorge (Ground 3). In his next two grounds, movant claims counsel provided ineffective assistance when counsel failed to suppress the following evidence: the Ruger 9mm pistol (Ground 4) and 564 grams of methamphetamine (Ground 5). In his next three grounds, movant claims counsel provided ineffective assistance when counsel failed to present the following exculpatory evidence: the police dash-cam video of the pursuit and failed to present the court reporter and his prior defense counsel as defense witnesses regarding impeachment of Jessica Smith (Ground 6), the Orange County dispatcher records of the pursuit and failed to call the dispatcher as a witness to impeach Sergeant Sorge's testimony (Ground 7), and Jessica Smith's written statement and video-taped interview conducted by Lt. Strause following her arrest (Ground 8). Next, movant claims counsel provided ineffective assistance when counsel failed to do the following: perfect a motion to compel the name of the person movant claims left fingerprints (Ground 9); perfect a motion to suppress a photograph of him taken from Facebook (Ground 10); and failed to move to file a motion to dismiss on grounds of the prosecution's use of fabricated evidence and misleading evidence to the Grand Jury (Ground 11). Next, movant claims counsel provided ineffective assistance by failing to investigate the background of his co-defendant Christopher Kelly (Ground 12) and witness Jimmy Samual (Ground 20) and failing to move to suppress certain testimony of each. Movant also claims counsel was ineffective for failing to communicate plea offers (Ground 13) and his erroneous advice caused movant to reject a plea offer (Ground 14). Movant next claims counsel was ineffective for failing to file a Motion for Preliminary

Hearing or a Bill of Particulars (Ground 15). Finally, movant claims he was denied the effective assistance of counsel when counsel failed to investigate and challenge the following: the probable cause used to gain the warrant for the pin-hole video recording of September 17, 2013; the probable cause used to gain the audio recording of September 16, 2013; the probable cause of the traffic stop in April, 2013; and the warrant used for the button-hole video recording of October 23, 2013 (Ground 19).

### A. Substantive Law

The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. A defendant's Sixth Amendment right to counsel attaches at all critical stages in the proceedings "after the initiation of formal charges." *Moran v. Burbine*, 475 U.S. 412, 431 (1986). Plea negotiations are a critical stage in criminal proceedings for the purposes of the Sixth Amendment right to effective assistance of counsel. *See Padilla v. Kentucky*, 559 U.S. 356, 373-74 (2010).

The Supreme Court has addressed the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In order to show that counsel was ineffective a petitioner must demonstrate the following:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. In order to demonstrate the first prong of this test, a petitioner must demonstrate that "'counsel's representation fell below an objective standard of reasonableness,' with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance." *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994) (quoting

*Strickland*, 466 U.S. at 688, 104 S. Ct. 2052). In order to demonstrate the second prong of the above-stated test, a petitioner must demonstrate that counsel's deficient performance so prejudiced the defense that petitioner was denied a fair and reliable trial. *See Lockhart v. Fretwell*, 506 U.S. 364, 368-71 (1993). A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

    B.    Application

    1.    Pretrial Claims

Movant claims he was denied the effective assistance of counsel when counsel failed to move to suppress the testimony of the following witnesses: Anthony Elyas (Ground 1), Jessica Smith (Ground 2), and Sergeant T. Sorge (Ground 3). In his next two grounds, movant claims counsel provided ineffective assistance when counsel failed to suppress the following evidence: the Ruger 9mm pistol (Ground 4) and 564 grams of methamphetamine (Ground 5). Next, movant claims counsel provided ineffective assistance when counsel failed to do the following: perfect a motion to compel the name of the person movant claims left fingerprints (Ground 9); perfect a motion to suppress a photograph of him taken from Facebook (Ground 10); and failed to move to file a motion to dismiss on grounds of the prosecution's use of fabricated evidence and misleading evidence to the Grand Jury (Ground 11). Next, movant claims counsel provided ineffective assistance by failing to investigate the background of his co-defendant Christopher Kelly (Ground 12) and witness Jimmy Samual (Ground 20) and failing to move to suppress certain testimony of each. Movant next claims counsel was ineffective for failing to file a Motion for Preliminary Hearing or a Bill of Particulars (Ground 15). Finally, movant claims he was denied the effective assistance of counsel when counsel failed to investigate and challenge the following: the probable cause used to gain the warrant for the pin-hole video recording of September 17, 2013; the probable cause used to gain the audio recording of September 16, 2013; the probable cause of the traffic stop in April, 2013; and the warrant used for the button-hole video recording of October 23, 2013 (Ground 19).

     *a.*     *Motions to Suppress*

     Movant claims he was denied the effective assistance of counsel when counsel failed to move to suppress the testimony of the following witnesses: Anthony Elyas (Ground 1), Jessica Smith (Ground 2), and Sergeant T. Sorge (Ground 3). Movant claims counsel should have moved to suppress the testimony of these three witnesses. However, the evidence of which he complains was admissible trial testimony. As such, a motion to suppress such testimony would have been frivolous.

     Counsel is not required to make futile motions or frivolous objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections."). Failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). Thus, movant has failed to show counsel's performance was deficient. Additionally, movant has failed to show how he was prejudiced by counsel's conduct given the overwhelming evidence against him.

     In his next two grounds, movant claims counsel provided ineffective assistance when counsel failed to suppress the following evidence: the Ruger 9mm pistol (Ground 4) and 564 grams of methamphetamine (Ground 5). Movant argues that the chain of custody was not complete regarding these items. Additionally, movant argues counsel provided ineffective assistance for failing to perfect a motion to suppress a photograph of him taken from Facebook which showed him with a pile of money spread across his lap (Ground 10).

     However, "[a]ny break in the chain of custody goes to the weight of the evidence, not its admissibility." *United States v. Smith*, 481 F.3d 259, 265 (5th Cir. 2007). There was substantial evidence either indicating or from which it could be inferred that the items were possessed by movant. Thus, a motion to suppress evidence based on the chain of custody in this case would have been futile. Therefore, movant has failed to show counsel provided ineffective assistance.

     While the government contends the picture from Facebook was not introduced, a review of the transcript reveals this is inaccurate. The picture from movant's daughter's Facebook was

introduced by the prosecution during the examination of witness Jimmy Sammuel. Counsel objected to testimony about the picture, but his objection was overruled by the court. Movant has failed to show counsel's performance was deficient for failing to file a motion to suppress a picture which was later properly admitted at trial. It was within the discretion of the trial court to allow it into evidence. Accordingly, movant has failed to show counsel's performance was deficient or how he was prejudiced.

  b. *Motions to Compel*

Movant complains counsel provided ineffective assistance when counsel failed to perfect a motion to compel the name of the person movant claims left fingerprints (Ground 9). During the course of the trial, it was established by several witnesses that no fingerprints were discovered. Additionally, while a palm print was found, it was also established that the authorities were unable to match the palm print to any person. Accordingly, there was no name of a person which could have been compelled by counsel to be produced. Therefore, any motion to compel would have been frivolous. As previously set forth, counsel is not required to make futile motions or frivolous objections. *Johnson*, 306 F.3d at 255. Failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness. *See Green*, 160 F.3d at 1037. Therefore, movant has failed to show counsel's performance was deficient. Additionally, movant has failed to show how he was prejudiced by counsel's conduct given the overwhelming evidence against him.

  c. *Motion to Dismiss Indictment and Challenges to Evidence*

Next, movant claims counsel provided ineffective assistance of counsel when he failed to move to file a motion to dismiss on grounds of the prosecution's use of fabricated evidence and misleading evidence to the Grand Jury (Ground 11). Movant next claims counsel was ineffective for failing to file a Motion for Preliminary Hearing or a Bill of Particulars (Ground 15) which would have resulted in the dismissal of his case. Further, movant claims he was denied the effective assistance of counsel when counsel failed to investigate and challenge the following: the probable

cause used to gain the warrant for the pin-hole video recording of September 17, 2013; the probable cause used to gain the audio recording of September 16, 2013; the probable cause of the traffic stop in April, 2013; and the warrant used for the button-hole video recording of October 23, 2013 (Ground 19). Movant claims that the prosecution's evidence presented to the Grand Jury was fabricated and, therefore, would not have established probable cause to obtain an indictment against him.

Other than his conclusory assertions that counsel should have investigated and filed the suggested motions to suppress or otherwise challenge the evidence, movant has not provided any factual basis for such challenges. Conclusory claims, however, are insufficient to entitle a habeas corpus petitioner to relief. *See United States v. Woods,* 870 F.2d 285, 288 n.3 (5th Cir. 1989); *Schlang v. Heard,* 691 F.2d 796, 799 (5th Cir. 1982). Further, the failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 383-84 (1986). Movant has failed to show counsel's decision not to file the proposed motions to suppress evidence in this case was not reasonable trial strategy and instead deficient performance. Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review. *See Strickland,* 466 U.S. at 689 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"). A federal habeas corpus court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. *See Crane v. Johnson,* 178 F.3d 309, 312 (5th Cir. 1999). Therefore, movant has failed to show deficient performance.

Moreover, movant has failed to show prejudice related to his claims. A habeas petitioner must "affirmatively prove," not just allege, prejudice. *Day,* 556 F.3d at 536. If a petitioner fails to prove the prejudice part of the test, the court need not address the question of counsel's performance. *Id*. A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950

F.2d 1054, 1065 (5th Cir. 1992). Accordingly, movant has failed to establish counsel provided ineffective assistance, and his claims should be denied.

   *d.   Investigation*

Movant claims counsel provided ineffective assistance by failing to investigate the background of his co-defendant Christopher Kelly (Ground 12) and witness Jimmy Samual[2] (Ground 20) and failing to move to suppress certain testimony of each. Plaintiff claims Kelly had a more extensive criminal past than the jury was led to believe, has a history of mental illness, was a snitch and informant for the FCI, and previously had a legal name change. Movant claims counsel failed to file a motion to suppress the testimony of Kelly on the grounds of vindictive prosecution based on an alleged conspiracy involved in pending charges. Plaintiff claims Samual is a "professional testifier" and his testimony was not accurate with the facts of this case.

Finally, movant claims he was denied the effective assistance of counsel when counsel failed to investigate and challenge the following: the probable cause used to gain the warrant for the pin-hole video recording of September 17, 2013; the probable cause used to gain the audio recording of September 16, 2013; the probable cause of the traffic stop in April, 2013; and the warrant used for the button-hole video recording of October 23, 2013 (Ground 19).

Both witnesses testified during trial and were thoroughly cross-examined. The charges movant claims should have been used to impeach the witness were not final convictions or were extraneous offenses not eligible for introduction under the rules of evidence. Additionally, movant fails to support his allegation of a history of mental illness or other undocumented allegations of acts which he claims counsel should have investigated. Further, movant has provided no factual support for his assertion that counsel should have questioned probable cause for the recordings or the warrants issued.

As previously set forth, conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *See Woods,* 870 F.2d at 288 n.3. Further, the failure to file a suppression motion does not

---

[2] A review of the trial transcript reveals the proper identity of this witness is Jimmy Sammuel, not Samual.

constitute *per se* ineffective assistance of counsel. *Kimmelman*, 477 U.S. at 383-84. Accordingly, movant has failed to establish counsel was even able to investigate such claims or that counsel was ineffective for failing to investigate such claims. Further, movant has failed to show prejudice related to such claims. Accordingly, movant's claims of ineffective assistance of counsel are without merit.

2. Trial Strategy

In his next three grounds, movant claims counsel provided ineffective assistance when counsel failed to present the following exculpatory evidence: the police dash-cam video of the pursuit and failed to present the court reporter and his prior defense counsel as defense witnesses regarding impeachment of Jessica Smith (Ground 6), the Orange County dispatcher records of the pursuit and failed to call the dispatcher as a witness to impeach Sergeant Sorge's testimony (Ground 7), and Jessica Smith's written statement and video-taped interview conducted by Lt. Strause following her arrest (Ground 8).

First, the dash-cam video of the pursuit was admitted at trial and published to the jury. Additionally, after the defense rested, counsel made a specific request to the court to be allowed to publish a portion of the dash-cam video footage which was not originally admitted. Counsel's request was granted, and the remainder of the footage was entered into evidence and published to the jury. Further, still photos from the video were introduced and each witness at the scene was subjected to extensive cross-examination.

Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review. *See Strickland,* 466 U.S. at 689 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"). A federal habeas corpus court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. *See Crane v. Johnson,* 178 F.3d 309, 312 (5th Cir. 1999).

Movant also claims his attorney was ineffective for not calling his former defense counsel and a court reporter as witnesses in the case. "[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States,* 575 F.2d 515, 521 (5th Cir. 1978). Further, the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985). A petitioner must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray v. Maggio, Jr.,* 736 F.2d 279, 282 (5th Cir. 1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *See United States v. Woods,* 870 F.2d 285, 288 n.3 (5th Cir. 1989); *Schlang v. Heard,* 691 F.2d 796, 799 (5th Cir. 1982). To prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the contents of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Alexander*, 775 F.2d at 602.

Here, movant has not provided the name of the court reporter he wanted as a witness nor has not shown the witnesses were available. Further, movant has not shown that their testimony would have been favorable to the defense and that the witnesses would have actually testified at trial. In fact, any claim that the testimony would have been favorable to the defense is contradicted by the proffered testimony from the government which indicates the testimony may have been harmful to the defense. Further, the witnesses were questioned extensively during the trial and movant has failed to show how the admission of certain reports would have changed the outcome. Finally, movant has also failed to show how Smith's written statement and video-taped interview following her arrest would have benefitted his defense. Accordingly, movant has failed to establish either deficient performance or prejudice related to his claims of ineffective assistance of counsel. Therefore, the claims are without merit and should be denied.

3. Plea Negotiations

In his grounds 13 and 14, movant contends counsel's performance was deficient because counsel failed to communicate plea offers and his erroneous advice caused movant to reject a plea offer. Movant claims he had not been advised of all of the evidence against him and had not been allowed to review pretrial discovery to learn the evidence against him.

When a defendant pleads guilty on the advice of counsel, the attorney has the duty to advise the defendant of the available options and possible consequences. *Beckham v. Wainwright*, 639 F.2d 262, 267 (5th Cir. 1981); *Brady v. United States*, 397 U.S. 742, 756 (1970). "It is equally essential that the attorney advise a defendant of possible consequences where ... the defendant withdraws a negotiated guilty plea and stipulated sentence in the minimum range and instead stands trial and faces the maximum sentence." *Id.* Further, collateral relief is appropriate where trial counsel was ineffective by giving a defendant substandard advice about his sentence exposure under the Sentencing Guidelines during plea negotiations. *United States v. Day*, 969 F.2d 39, 44 (3rd Cir. 1992).

In *Missouri v. Frye,* 566 U.S. 133 (2012) and *Lafler v. Cooper,* 566 U.S.156, 162 (2012), the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to the negotiation and consideration of plea offers that lapse or are rejected. In *Frye,* the Court specifically held that counsel has a "duty to communicate formal offers from the prosecution to accept a plea," and, in general, where such an offer is not communicated to the defendant, counsel "[does] not render the effective assistance the Constitution requires." *Frye*, 566 U.S. at 145. The Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington.*

In *Lafler,* the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler,*566 U.S. at 165-66. The Court held

that "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." *Id.* at 168.

Here, however, movant's current statements that he was neither informed of the evidence against him nor of the plea offers made by the government are directly contradicted by his own testimony on the record in this case. At the pretrial hearing, movant admitted he had talked about the consequences of pleading guilty and was aware he risked a possible life sentence if he went to trial. Further, movant admitted he had discussed the case with his attorney during the preparation of the case, and had not only gone over discovery and different aspects of the case, but had discussed on several occasions with his attorneys the plea offers made by the government. Transcript Pretrial Hearing at 43-44. Movant was adamant in his decision to go to trial and admitted that his decision to proceed to trial was made voluntarily, knowingly, and was based on all the factors involved in this total case. Transcript Pretrial Hearing at 43-46. Additionally, a review of the pretrial hearing transcript reveals movant was aware of the evidence against him because he asserted he had not seen the statements received from either the confidential informant, Mr. Kelly, or Ms. Smith. As explained, due to the protective order in this case, movant was not allowed to keep copies of the statements, but redacted copies were provided for him to read. Transcript - Pretrial Hearing at 48.

After being made fully aware of his circumstances, movant deliberated his choices and made a fully informed choice to proceed to trial based on either his reluctance to admit his own guilt or his personal belief he would not be found guilty. Accordingly, movant has failed to satisfy his burden of proving counsel's performance was deficient. However, even assuming that counsel's performance was deficient, movant has failed to demonstrate how he was prejudiced by such performance. Therefore, movant's claim of ineffective assistance of counsel lacks merit.

II.   *Due Process Claims*

Movant claims he was denied due process when the government failed to provide the defense with pretrial discovery within fourteen days of being formally charged (Ground 16) and failed to disclose evidence favorable to the defense (Ground 17). Movant also contends his conviction under 18 U.S.C. § 924(c) and his enhancement for "Agg Flight" are improper in light of the recent Supreme Court decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) (Ground 18).

Movant's allegations regarding the failure to provide pretrial discovery and disclose evidence in this case possibly implicate *Brady v. Maryland,* 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *Jencks v. United States*, 353 U.S. 657 (1957). Due process is violated when the prosecution withholds evidence that is both favorable to the accused and "material to either guilt or to punishment." *Brady v. Maryland,* 373 U.S. 83, 87 (1963). "A *Brady* claim involves three elements; 1) the prosecution's suppression or withholding of evidence, 2) which evidence is favorable, and 3) material to the defense." *United States v. Stephens,* 964 F.2d 424, 435 (5th Cir. 1992). Materiality is defined as "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different." *United States v. Bagley,* 473 U.S. 667, 682 (1985). Further, a reasonable probability is a probability sufficient to undermine confidence in the outcome. *See Spence v. Johnson*, 80 F.3d 989, 994 (5th Cir. 1996), cert. denied, 519 U.S. 1012 (1996) (citing *Bagley*, 413 U.S. at 682).

Additionally, in order to establish a *Giglio* violation, a defendant must show the prosecution presented (1) evidence that was false, (2) the evidence was material, and (3) the prosecution knew the evidence was false. *See Duncan v. Cockrell*, 70 F. App'x 741, 744 (5th Cir. 2003).

Further, to establish a *Jencks* violation, a defendant must establish the United States failed "to disclose a prior statement of a witness in its possession relating to the subject matter of that witness' testimony." *United States v. Ramirez*, 174 F.3d 584, 587 (5th Cir. 1999). The United States must disclose the information after the witness' direct examination testimony. *Id.*

A. Discovery Claims

Movant claims the prosecution failed to provide him with discovery until nearly one year after he had been formally charged. Also, movant claims the prosecution did not provide some discovery until after the witness had testified, implicating a violation of the *Jencks* Act.

Here, a review of the transcripts of the pretrial hearing and trial reveals movant did not dispute preparing for trial with counsel going over discovery and different aspects of the case. Movant has failed to show any material evidence favorable to the defense was not provided to him, through his attorney, in a timely manner. While movant complains of the failure to disclose DNA evidence from a fanny pack, there was no DNA evidence recovered in this case.[3]

Courts construe *pro se* 2255 motions liberally, but., "[a]t the same time . . . mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Here, movant's allegations are devoid of additional factual support or meaningful specificity. Thus, movant's conclusory allegations of prosecutorial misconduct are unsupported by the record and are insufficient to merit § 2255 relief.

B. *Johnson* Claim

Movant also contends his conviction under 18 U.S.C. § 924(c) and his enhancement for "Agg Flight" are improper in light of the recent Supreme Court decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) (Ground 18).

Under the Armed Career Criminal Act ("ACCA"), individuals who violate 28 U.S.C. § 922(g) and have three or more prior convictions for serious drug offenses or violent felonies, face an increased prison term of a minimum of 15 years to a maximum of life. In *Johnson v. United States*, the Supreme Court held the "residual clause" defining violent felonies under the ACCA is unconstitutionally vague. *Johnson*, 135 S.Ct. at 2563. The ACCA's residual clause defined "violent

---

[3] This issue was listed as Ground 21 in movant's list of material facts attached to his original motion, but not listed as a separate ground for review with the other grounds.

17

felony" to include an offense that 'involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. 924(e)(2)(B)(ii).

Movant's reliance on the decision in *Johnson*, however, is misplaced. The determination in *Johnson* has no bearing on movant's case because his sentence was not increased under the ACCA's residual clause - the only provision that *Johnson* found to be unconstitutional. *See Johnson*, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). A review of the Presentence Report (PSR) in this case reveals there were no adjustments under the armed career criminal guideline, U.S.S.G. § 4B1.4. Accordingly, *Johnson* does not affect movant's sentence.

Further, movant's sentence was not enhanced under the career offender provision of the United States Sentencing Guidelines. *See* Guideline § 4B1.1. Even if movant's sentence had been increased under the career offender provision, he would be entitled to no relief. The Supreme Court recently decided *Beckles v. United States*, 137 S.Ct. 886 (2017), in which the Court held that the vagueness challenges at issue in *Johnson* could not be made to similar provisions of the Sentencing Guidelines. *Id.* at 892-895.

Finally, movant's sentence was enhanced under 21 U.S.C. § 851 because of prior drug convictions rather than violent felonies or "Agg Flight" as movant claims. Section 851 does not contain a residual clause. Accordingly, movant is ineligible for relief under *Johnson*. Other district courts considering this issue rejected similar assertions, reaching the same conclusion. *See United States v. Mitchell*, 2018 WL 1941787 (E.D. La. 2018); *Graham v. United States*, 2017 WL 2633495 at *11 (D. R.I. 2017); *United States v. Dixon*, 2016 WL 5390304, at *3 (D. S.C. 2016). Accordingly, movant is entitled to no relief.

III. *Certificate of Appealability*

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under

prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## Conclusion

After thoroughly examining each of movant's grounds for review, the court concludes movant's claims are without merit. For the reasons set forth above, movant has failed to present a meritorious ground for review warranting relief. Accordingly, movant's grounds for relief are denied. A final judgment will be entered in this case in accordance with this order.

So **ORDERED** and **SIGNED** September 25, 2019.

_____
Ron Clark, Senior District Judge